IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIE C. LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-242J |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this $\underline{15}$ day of March, 2006, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying plaintiff's

application for disability insurance benefits under Title II of

the Social Security Act ("Act"), IT IS ORDERED that the

Commissioner's motion for summary judgment (Document No. 7) be,

and the same hereby is, granted and plaintiff's motion for summary

judgment (Document No. 5) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her pending application for disability insurance benefits on April 28, 2003, alleging a disability onset date of October 18, 1991, due to post-laminectomy syndrome, disc degeneration and back pain. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on March 24, 2004, at which plaintiff, represented by counsel, appeared and testified. On April 19, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On August 30, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

The ALJ found that plaintiff met the disability insured status requirements of Title II of the Act on her alleged onset date but had acquired sufficient quarters of coverage to remain insured only through March 31, 1998. In addition, plaintiff previously had filed an application for Title II benefits which was denied on March 31, 1995. Plaintiff's counsel conceded at the hearing that plaintiff was not asking for that decision to be reopened. Accordingly, the time frame at issue in this case is from April 1, 1995, to March 31, 1998, and plaintiff was required to show that she became disabled during that relevant time period.

Plaintiff was 37 years old on the date she was last insured and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and has past relevant work experience as a convenience store manager, but has not engaged in substantial gainful activity since October of 1991.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of post-laminectomy syndrome and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4.

The ALJ also found that plaintiff retains the residual functional capacity for a significant range of sedentary work but with certain restrictions recognizing the limiting effects of her impairments.[1] Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which

---

[1] The ALJ found that: "[Plaintiff] retained the residual functional capacity . . . to perform work at the sedentary exertional level but had to avoid kneeling, crouching, crawling and climbing of ladders, ropes and scaffolds and could only occasionally balance, stoop and climb ropes and stairs, could only occasionally push and pull with the lower left extremity including the operation of pedals, and had to avoid prolonged exposure to environments with cold temperature extremes, extreme wetness, or humidity." (R. 23)

plaintiff could perform based upon her age, education, work experience and residual functional capacity, including small electronic parts tester, small parts assembler, hand packager and hand tagger. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; <u>Newell v.</u>

_____

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. <u>See also Newell</u>, 347 F.3d at 545-46.

- 4 -

Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).
If the claimant is found disabled or not disabled at any step, the
claim need not be reviewed further. Id.; see Barnhart v. Thomas,
124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding of not disabled
at step 5 of the sequential evaluation process.[3]  Specifically,
plaintiff contends that: (1) the ALJ improperly discredited
plaintiff's subjective complaints of pain; (2) the ALJ improperly
rejected the medical opinion of a consultative examiner who
concluded plaintiff is unable to work; and, (3) the ALJ improperly
relied on the medical-vocational guidelines, or "grids", in
finding plaintiff not disabled.    The court has considered
plaintiff's arguments and finds each of them to be without merit.

As to plaintiff's first contention, the court finds no error
in the ALJ's credibility determination.  Allegations of pain and
other subjective symptoms must be supported by objective medical
evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a
claimant's subjective testimony if he does not find it credible so
long as he explains why he is rejecting the testimony.  Schaudeck
v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir.
1999).

---

[3]    At step 5,the ALJ must show that there are other jobs
existing in significant numbers in the national economy which the
claimant can perform consistent with her medical impairments, age,
education, past work experience, and residual functional capacity.
20 C.F.R. §404.1520(f).  Residual functional capacity is defined
as that which an individual still is able to do despite the
limitations caused by his or her impairments.    20 C.F.R.
§404.1545(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff's allegations of debilitating symptomatology were inconsistent with medical findings of her treating physicians, the clinical and objective findings, plaintiff's limited treatment history, her reported activities of daily living and with the fact that plaintiff relies on Tylenol, rather than pain medications, to control her pain. (R. 19-20). In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §404.1529(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 19-20). The record supports the ALJ's conclusion.

Furthermore, it is important to emphasize that the ALJ also did not disregard plaintiff's subjective complaints entirely. Instead, the ALJ's residual functional capacity finding makes numerous concessions to plaintiff's subjective complaints of limitations arising from her pain. These limitations demonstrate that the ALJ accommodated plaintiff's subjective complaints to the extent that they are supported by the evidence of record. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Plaintiff's next argument is that the ALJ improperly evaluated the medical evidence and substituted his own opinion for that of Dr. Eric Minde, a consultative examiner, who opined that plaintiff "should be considered as fully disabled." (R. 150). Upon review, the court believes that the record supports the ALJ's evaluation of Dr. Minde's report.

- 6 -

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion.  20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating Dr. Minde's report.  The ALJ discussed Dr. Minde's report in the decision and explained why that opinion is not entitled to any controlling weight.  (R. 20).  The ALJ noted that Dr. Minde was not a treating physician but was a one-time only consultative examiner and that no other treating or examining medical source suggested that plaintiff is disabled from even sedentary work.  To the contrary, Dr. Lewis Snitzer, a neurosurgeon who examined plaintiff in June of 1997, only reported that plaintiff could not return to her past relevant work, not that she was unable to perform any work.  (R. 133-136).  Moreover, Dr. Minde's report also was inconsistent with the clinical and objective findings of record and with plaintiff's activities of daily living.  (R. 20).

The ALJ did a thorough job in addressing Dr. Minde's report and explaining his reasons for giving it the weight he believed it was entitled.  The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

- 7 -

AO 72A
(Rev.8/82)

Plaintiff's final argument is that the ALJ improperly relied upon the medical-vocational guidelines, or "grids", to find plaintiff, who suffers from both exertional and non-exertional impairments, not disabled. The court finds this argument to be without merit.

The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00. The Supreme Court upheld the use of the grids in Heckler v. Campbell, 461 U.S. 458 (1983).

In this case, the ALJ did not use the grids to find plaintiff not disabled, but instead properly used the grids only as a framework, noting that if plaintiff could perform the full range of sedentary work, the grids would dictate a finding of not disabled. However, since plaintiff is impeded by additional exertional and non-exertional limitations from performing the full range of sedentary work, the ALJ correctly utilized a vocational expert to determine whether there are a significant amount of jobs existing in the national economy which plaintiff can perform. The ALJ's use of the grids solely as a framework in this case while relying upon the testimony of a vocational expert to determine

whether there were other jobs existing in the national economy which plaintiff could perform was proper under the regulations.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  James Pappas, Esq.
     Abood, Russell, Pappas & Rozich
     709 Franklin Street
     Johnstown, PA 15901

     John J. Valkovci, Esq.
     Assistant U.S. Attorney
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901

AO 72A
(Rev.8/82)